IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

LARRY LAWSON TAYLOR,

      Petitioner,

v.                                                Case No. 1:19-cv-00568

WARDEN MICHAEL MARUKA,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner, Larry Lawson Taylor, ("Taylor"), and Respondent's Response to the Petition in which Respondent seeks dismissal of the proceedings. (ECF Nos. 1, 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 10), be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

I.   **Factual and Procedural History**

*i.) Proceedings in sentencing court*

On May 7, 2013, a federal grand jury, sitting in the Eastern District of Virginia,

1

returned an indictment charging Taylor with knowingly and unlawfully possessing with the intent to distribute 28 grams or more of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii) ("Count One"). *United States v. Taylor*, Case No. 3:13-cr-00087-MHL-DJN (E.D. Va. May 7, 2013) at ECF No. 13. On June 18, 2013, Taylor entered into a written plea agreement whereby he agreed to plead guilty to the charge contained in the indictment. *Id.* at ECF No. 18 at 1. In the agreement, Taylor conceded that he possessed with the intent to distribute 87.638 grams of cocaine base, and 80.5 grams of cocaine hydrochloride. *Id.* at 2. Taylor further conceded that, pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines ("Guidelines"), a two-level sentencing enhancement in relation to firearms used during the crime applied to his sentence. *Id.* The agreement provided that Taylor would receive a reduction for acceptance of responsibility, and would not receive a sentencing enhancement for his conduct in maintaining a premises for the purpose of distributing controlled substances. *Id.* at 2-3. Taylor agreed to waive his right to appeal the sentence imposed on any ground other than that it exceeded the statutorily permissible maximum term of imprisonment. *Id.* at 4. The plea agreement contained a stipulation of facts which outlined the conduct that formed the basis of the charge. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 19.

On that same date, Taylor entered his plea of guilty in a hearing held in the United States District Court for the Eastern District of Virginia ("Sentencing Court"). *Id.* at ECF No. 16. Following the hearing, a United States Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the presiding District Judge accept Taylor's plea of guilty. *Id.* at ECF No. 20. The R&R concluded that (1) Taylor was competent to enter a guilty plea; (2) that he understood the nature of the charge against

him, the maximum potential penalties, and the rights he was forfeiting by pleading guilty; and (3) that the guilty plea was knowingly and voluntarily entered. *Id.* at 1-3. On July 8, 2013, the Sentencing Court accepted and adopted the R&R and found Taylor guilty of Count One of the indictment. *Id.* at ECF No. 23.

On September 19, 2013, Taylor's counsel, Valencia Roberts, requested that she be permitted to withdraw from representation of Taylor. *Id.* at ECF No. 32 at 1. Ms. Roberts noted that she and Taylor had "reached an impasse in communications," in preparing for Taylor's sentencing and that Taylor believed Ms. Roberts was "working against him." *Id.* The Sentencing Court granted this request on September 23, 2013, and Taylor was appointed a new attorney, Mary K. Martin. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF Nos. 33, 34.

On October 24, 2013, Ms. Martin filed a motion seeking a hearing on Taylor's request for a psychiatric examination prior to sentencing due to his diagnosis of depression. *Id.* at ECF No. 37 at 1-2. Ms. Martin submitted a contemporaneous motion to withdraw as counsel for Taylor, indicating that Taylor had stated he no longer had confidence in Ms. Martin's representation and wanted new counsel. *Id.* at ECF No. 38 at 1. Proceeding *pro se*, Taylor also tendered a motion requesting the same relief. *Id.* at ECF No. 41.

On October 30, 2013, Ms. Martin filed a motion in which she requested a downward variance from the recommended sentencing Guidelines range of 130 to 162 months imprisonment based on Taylor's history of mental illness, youth, and the mitigating factor that the conduct for which Taylor was convicted was precipitated by, and done at the behest of, Taylor's then-girlfriend. *Id.* at ECF No. 42 at 5-6. Ms. Martin's request to withdraw as Taylor's attorney was granted on November 1, 2013. *Taylor*, Case

3

No. 3:13-cr-00087-MHL-DJN at ECF No. 43.

On November 4, 2013, the Sentencing Court entered an Order granting Taylor's request to undergo a psychological evaluation, and appointed Jeffrey L. Everhart as Taylor's new counsel. *Id.* at ECF Nos. 44, 45. On December 13, 2013, a sealed psychological report was received and entered onto the docket. *Id.* at ECF No. 47. On that same day, Taylor submitted a letter requesting that a private psychologist be hired, asserting that the report produced by the court-appointed psychologist was inaccurate. *Id.* at ECF No. 46 at 1. On January 13, 2014, a status conference was held before the Sentencing Court. *Id.* at ECF No. 48. At the status conference, the parties discussed issues of communication between Taylor and Mr. Everhart, and the Sentencing Court ordered a continuance of sentencing while Taylor received another psychological evaluation to assess potential mitigating factors for sentencing. *Id.* at ECF No. 62 at 2-8.

Taylor's sentencing hearing was held on April 14, 2014. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 52. At the hearing, the Sentencing Court adopted, without objections, the recommendations of the Presentence Report ("PSR"), concluding that Taylor had a total offense level of 27, and a criminal history category of six. *Id.* at ECF No. 61 at 3. Mr. Everhart called Taylor's brother as a witness, and he testified as to Taylor's difficult family life and upbringing. *Id.* at 3-6.

The attorney for the United States requested that Taylor be sentenced at the high end of the recommended Guidelines range—162 months' imprisonment—pointing to the extensive nature of Taylor's drug distribution and his lengthy criminal history. *Id.* at 8-10. Mr. Everhart requested that Taylor be granted a downward variance from the recommended Guidelines range, and receive a sentence of between 100 and 125 months

4

in prison, due to Taylor's troubled upbringing among other factors. *Id.* at 12-17. Taylor also spoke in favor of a reduced sentence, detailing his charitable contributions to society, his traumatic childhood, and the fact that he procured drugs only at the behest of his girlfriend. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 61 at 18-27.

In determining the appropriate sentence, the Sentencing Court stated, "in viewing the factors, 3553 factors through the prism of this request, it is the judgment of the Court that there is no sufficient basis for a downward variance, and so that request will be denied." *Id.* at 17. The Sentencing Court accordingly imposed a sentence of 130 months imprisonment, and a four-year term of supervised release. *Id.* at 27-28. The Sentencing Court additionally imposed a consecutive 14-month term of imprisonment for Taylor's violation of the terms of his supervised release, as he had been on supervised release at the time he committed the crime of conviction. *Id.* at 31-32.

On April 29, 2014, Taylor entered a notice of appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *Id.* at ECF No. 56. Mr. Everhart submitted a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal, and Taylor submitted a *pro se* brief arguing that his sentence was improper, because the Sentencing Court did not subpoena his psychiatrist or thoroughly consider the mitigation evidence presented, and, additionally, that Mr. Everhart did not properly prepare and present the available mitigation evidence. *Id.* at ECF No. 63 at 2. The Fourth Circuit denied the appeal on November 6, 2014, concluding that the claims raised by Taylor were within the scope of his appellate waiver and that the appellate waiver was knowingly and voluntarily made. *Id.* at 2-4.

On August 4, 2015, Taylor filed a Motion to Reduce Sentence in the Sentencing

Court. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 66. Taylor contended that he was entitled to a reduced sentence following Amendment 782 to the Guidelines, enacted in November 2014. *Id.* at 1. On August 18, 2015, the United States submitted a response, conceding that Taylor was entitled to a reduction in his sentence, but arguing that the Sentencing Court should exercise its discretion and deny his request for a sentence reduction. *Id.* at ECF No. 69 at 1, 3.

On February 8, 2016, Taylor submitted a Motion to Vacate under § 2255 in which he contended that his sentence was improper, because the Sentencing Court committed various errors in fashioning the sentence and failed to adequately explain or consider how the sentence imposed was appropriate under the statutorily mandated sentencing factors. *Id.* at ECF No. 71 at 4. Taylor additionally alleged that Mr. Everhart was ineffective for failing to successfully present relevant mitigating evidence at sentencing, and for failing to adequately investigate mitigating evidence. *Id.* at 5, 7. Finally, Taylor argued that the Sentencing Court did not properly resolve factual disputes surrounding the offense and the appropriate sentence. *Id.* at 8.

On February 17, 2016, the Sentencing Court entered an Order denying Taylor's request for a sentence reduction, determining that the statutory factors did not support reducing Taylor's sentence due to his "history of possessing firearms, the recidivist nature of his offense, and a prior federal conviction for the same type of offense." *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 73 at 2. Taylor appealed this denial to the Fourth Circuit on March 7, 2016. *Id.* at ECF No. 77. On May 10, 2016, the Fourth Circuit dismissed Taylor's appeal for failure to prosecute. *Id.* at ECF No. 81.

On July 5, 2016, after several requests for an extension of time, Taylor submitted a memorandum of law in support of his § 2255 motion. *Id.* at ECF Nos. 85, 86, 87. In

the memorandum, Taylor expounded upon the grounds raised in his § 2255 petition, explaining that he wished to present more evidence at sentencing regarding his dysfunctional childhood and its effect on his behavior as an adult, but his attorney failed to adequately present this evidence *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 87 at 1-5. Taylor additionally asserted that counsel was ineffective by not presenting evidence to show that Taylor was coerced into distributing controlled substances by his girlfriend, who was a government informant. *Id.* at 9.

On June 26, 2018, the Sentencing Court denied Taylor's § 2255 petition. *Id.* at ECF No. 89. As to Taylor's claims alleging errors made at sentencing, the Sentencing Court determined that these claims were procedurally defaulted as they were not raised on appeal. *Id.* at 1, 4. With respect to Taylor's claim that Mr. Everhart provided ineffective assistance of counsel, the Sentencing Court concluded that Mr. Everhart conducted a reasonable investigation into potential mitigating factors and sufficiently presented them. *Id.* at 7-10. The Sentencing Court additionally concluded that Taylor failed to demonstrate prejudice with respect to his claims of ineffective assistance of counsel, as there was little probability the evidence he faulted his attorney for not producing would have changed the sentence imposed. *Id.*

On August 27, 2018, Taylor tendered a motion requesting an extension of time to reply to the order dismissing his habeas petition. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 91. The Sentencing Court denied this request on September 25, 2018, as the § 2255 petition had been dismissed and was no longer before the Sentencing Court. *Id.* at ECF No. 92 at 1. On October 1, 2018, Taylor submitted a second motion requesting an extension of time to reply to the order dismissing his habeas petition. *Id.* at ECF No. 93. This motion too was denied by the Sentencing Court due to the fact that

the action was closed. *Id.* at ECF No. 94 at 1.

On April 13, 2020, Taylor submitted a motion docketed as a Letter Motion to Reduce Sentence Due to Clerical Error. *Id.* at ECF No. 96. In this motion, Taylor argued that there was an error in his calculated Guidelines sentence range as prior offenses, which should have been consolidated as a single offense for the purposes of the Guidelines calculation, were erroneously considered as separate offenses. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 96 at 1. Taylor asked that the error be corrected pursuant to "Rule 36." *Id.* Specifically, Taylor alleged that his prior offenses for "eluding" and "identity fraud" occurred on the same occasion and should have been considered a single offense. *Id.* Taylor claimed that this error increased his criminal history category and asked that he be resentenced. *Id.* at 1-2.

On April 23, 2020, Taylor submitted a letter providing additional support for his claim of a sentence error. *Id.* at ECF No. 97 at 1. In the letter, Taylor included a portion of his petition filed in this Court. *Id.* at 2. On June 9, 2020, Taylor filed a motion reiterating his argument that he was improperly sentenced due to the erroneous separation of consolidated offenses under the Guidelines. *Id.* at ECF No. 98. On June 29, 2020, Taylor filed a third motion requesting that his sentence be reduced. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN at ECF No. 99. Taylor again raised the claim that his Guidelines sentence range was incorrectly calculated when his prior offenses were counted separately. *Id.* at 1-2. Taylor also argued that his Guidelines sentence range was incorrect as a prior offense that occurred over 10 years before sentencing was considered, and he received multiple enhancements for his possession of a firearm in relation to the crime of conviction, in contravention to the rules governing Guidelines enhancements. *Id.* at ECF No. 99-1 at 1-2. Taylor's motions remain pending in the

8

Sentencing Court.

*ii.) Proceedings in this Court*

Taylor submitted the instant § 2241 petition in this Court on August 5, 2019. (ECF No. 1). In the petition, Taylor contends that his Guidelines sentence range was incorrectly calculated because the PSR contained "inaccurate information" with respect to three prior offenses. (*Id.* at 4). Taylor claims that the incorrect calculation constitutes a constitutional due process violation as it prevents him from participating in certain prison programs and from obtaining transfers for which he would otherwise be eligible. (*Id.*). Taylor explains that his Guidelines range was incorrectly calculated as prior offenses, which should have been counted as a single offense, were incorrectly applied as separate offenses. (*Id.* at 5). Taylor requests that he be resentenced using the correct Guidelines calculation. (*Id.*).

On October 17, 2019, Respondent entered a Response in opposition to Taylor's § 2241 petition, arguing that the petition should be either dismissed or transferred. (ECF No. 10 at 1). Respondent asserts that, as Taylor challenges the imposition of his sentence rather than its execution, he has filed a mislabeled motion under § 2255. (*Id.* at 3). Respondent additionally alleges, although without explaining why he believes this is so, that Taylor's petition may not be brought under the savings clause and should be either dismissed or transferred to the Sentencing Court. (*Id.* at 4-5). On October 18, 2019, the undersigned entered an Order granting Taylor 60 days to submit a reply to Respondent's request for dismissal. (ECF No. 11). As of the time of this filing, Taylor has not submitted a reply.

## II. Standard of Review

Respondent requests that Taylor's § 2241 petition be dismissed. (ECF No. 10 at

1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long

10

as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

#### A. Taylor's ability to use the savings clause

Taylor argues that his sentence was illegal due to errors in the calculation of his sentence range under the Guidelines. (ECF No. 1 at 4-5). To the extent that Taylor contends his sentence was improperly calculated, he is clearly challenging the legality, rather than the execution, of his sentence and conviction.[1] Accordingly, Taylor's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a narrow "savings clause" exception, which serves as a means by which a petitioner may challenge a conviction or sentence through a traditional writ of habeas corpus under § 2241. It states:

---

[1] To the extent that Taylor wishes to instead challenge his custody classification and the effect this has on his ability to access prison programs, this claim relates to the conditions of his confinement and is not appropriately brought in a § 2241 petition. *See Biedrzycki v. O'Brien*, No. 1:11CV6, 2011 WL 6748505, at *6 (N.D.W. Va. Oct. 14, 2011), *report and recommendation adopted*, No. 1:11CV6, 2011 WL 6748030 (N.D.W. Va. Dec. 21, 2011) (denying the petitioner's § 2241 petition where he was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence."); *see also Sandlain v. FCI McDowell Warden*, No. CV 1:19-00229, 2019 WL 5061262, at *3 (S.D.W. Va. Sept. 6, 2019), *report and recommendation adopted*, No. CV 1:19-00229, 2019 WL 5057859 (S.D.W. Va. Oct. 8, 2019) ("If a prisoner, however, seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law.") (quotation omitted); *Mayfield v. Andrews*, No. 5:15-HC-2170-BO, 2017 WL 3431151, at *3 (E.D.N.C. Feb. 10, 2017), *aff'd*, 692 F. App'x 140 (4th Cir. 2017) ("More fundamentally, to the extent petitioner contends that the errors in his PSR 'unfairly limit[ ] his ability to … participate in certain rehabilitation programs', he is challenging the conditions of his confinement rather than the execution of his sentence.") (alterations in original).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a sentence, the petitioner must establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*,

573 Fed. Appx. 268 (4th Cir. 2014).

### 1. Taylor is not entitled to use the savings clause.

*i). Ability to challenge guidelines error in habeas review*

Taylor is attempting to challenge the validity of his sentence and, as such, must meet the savings clause requirements outlined in *Wheeler*. 886 F.3d at 429. In *United States v. Foote*, the Fourth Circuit noted that "not every alleged sentencing error can be corrected on collateral review." 784 F.3d 931, 932 (4th Cir. 2015). "[O]nly those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court considered whether a petitioner's habeas challenge to his sentence, which was based on a subsequently-nullified career offender designation, was a "fundamental defect" sufficient to merit review on a motion to vacate. *See* 784 F.3d at 932. Ultimately, the Fourth Circuit declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [the petitioner] was (and on remand, would again be) sentenced under an *advisory* Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941 (emphasis original). The Fourth Circuit based its determination largely on the Supreme Court of the United States ("Supreme Court's") decision in *United States v. Booker*, 543 U.S. 220 (2005). which "'stripped [the Guidelines] of legal force and made them advisory.'" *Id.* at 942 (quoting *United States v. Dean*, 604 F.3d 169, 173 (4th Cir. 2010)) (brackets in original). "Because of this lack of '"legal force,"'" the Fourth Circuit determined it "would be remiss to place an erroneous Guidelines classification under an advisory scheme in the same category as violation of a statute or constitutional provision." *Id.* The Fourth Circuit later affirmed that the advisory nature

13

of the Guidelines renders an error in their calculation a non-fundamental defect. *See Lester v. Flournoy,* 909 F.3d 708, 715 (4th Cir. 2018) (error in guidelines calculation was fundamental error where petitioner sentenced under pre-*Booker* mandatory guidelines, but "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines."); *see also Kornegay v. Warden, FCI Butner,* 748 F. App'x 513, 514 (4th Cir. 2019) (denying § 2241 petition because "[the petitioner] was sentenced under the advisory Guidelines and *Foote* bars his petition.") (unpublished).

Taylor was sentenced in 2014, well after the 2005 *Booker* decision, and consequently was not subject to the mandatory application of the Guidelines. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN ECF No. 52. As the sentence range employed by the Sentencing Court in Taylor's case was used to calculate an advisory, not mandatory, Guidelines range, and did not operate to impose a sentence above the statutory maximum, Taylor is unable to present "an error sufficiently grave to be deemed a fundamental defect" as required to use the savings clause. *See Wheeler*, 886 F.3d at 429; *Foote,* 784 F.3d at 941; *see also Lee v. Andrews*, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) ("Because the [advisory Guidelines] error petitioner alleges does not rise to the level of a 'fundamental defect,' petitioner cannot satisfy the fourth prong of the *Wheeler* test."); *Fennell v. Joyner*, No. CV 5:18-1740-HMH-KDW, 2019 WL 1253233, at *3 (D.S.C. Mar. 19, 2019) (allegedly erroneous application of career offender enhancement not a fundamental defect under fourth prong of *Wheeler* test).

Accordingly, the undersigned **FINDS** that Taylor fails to establish that he meets the requirements of the savings clause as contained in § 2255(e) with respect to his claim

14

alleging a Guidelines error; as a result, he is precluded from bringing this claim in a § 2241 petition.

### ii.) Taylor does not meet the other savings clause requirements

Even assuming that the error alleged by Taylor was cognizable in habeas review, he is not entitled to utilize the savings clause because he does not meet all of the other elements of the *Wheeler* test. As noted, *Wheeler* requires that a petitioner show "subsequent to [his] direct appeal and first § 2255 motion, the ... settled substantive law changed and was deemed to apply retroactively on collateral review." 886 F.3d at 429. Taylor has identified no subsequent and retroactively applicable change in law which renders his sentence, valid at the time it was imposed, now invalid. Instead, Taylor appears to argue that the error in calculation occurred at the time the PSR was prepared. (ECF No. 1 at 4). Taylor's petition does not identify or refer to any new legal decisions that have changed the legality of his sentence since the conclusion of his § 2255 petition. As Taylor has not identified a retroactive change in law, which renders illegal his previously legal sentence, the undersigned **FINDS** that he does not meet the test established in *Wheeler* and thus is unable to bring this claim in a § 2241 petition.

### B. Transfer or dismissal of the petition.

Inasmuch as Taylor's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Taylor's action, then he will be required to pursue his claim in the United States District Court for the Eastern District of Virginia. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which

imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Taylor's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Taylor's apparent lack of authorization from the Fourth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). In any event, Taylor submitted a series of motions requesting a sentence reduction in the Sentencing Court raising, among other claims, the same claim as presented in this petition, and relying on a portion of the form submitted in this Court. *Taylor*, Case No. 3:13-cr-00087-MHL-DJN ECF Nos. 96, 97, 97-1, 98, 99. Thus, it would clearly be a waste of judicial resources to transfer a duplicative petition to the Sentencing Court.

As an alternative to transfer to the Sentencing Court, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014).

Here, there would be no purpose to construing Taylor's § 2241 petition as a request to submit a second or successive § 2255 petition. As previously noted, the only claim raised by Taylor, a claim of error in the calculation of his advisory Guidelines

17

range, is not cognizable in a petition for habeas relief in this Circuit. *See e.g. Foote,* 784 F.3d at 941. Additionally, Taylor has identified newly discovered evidence, or a new and retroactive rule of constitutional law announced by the Supreme Court, as is necessary to receive authorization to submit a successive § 2255 petition. *See* 28 U.S.C. § 2255(h). Accordingly, the undersigned **FINDS** that transfer of this claim to the Fourth Circuit would be futile.

## IV.     Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 10), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate

review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** July 13, 2020

Cheryl A. Eifert
United States Magistrate Judge