IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY LAWSON TAYLOR,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:19-00568

WARDEN MICHAEL MARUKA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Findings and Recommendation on July 13, 2020, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus, grant defendant's request for dismissal, dismiss plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Taylor timely filed objections to the PF&R. With respect to those objections, the court has conducted a de novo review.

On June 18, 2013, in the United States District Court for the Eastern District of Virginia, Taylor pled guilty to a single-count indictment charging him with possession with intent to distribute 28 grams or more of cocaine base. On April 14, 2014, Taylor was sentenced to a term of imprisonment of 130 months on the single-count indictment. His guidelines range was calculated based upon a Criminal History category of Six. Taylor challenges the calculation of his criminal history in the sentencing court in this proceeding.

Magistrate Judge Eifert's PF&R is thorough and comprehensive and provides an excellent account of the various arguments Taylor raises that, according to him, entitle him to habeas relief. Plaintiff's objections do not direct the court to specific errors in the PF&R but, rather, merely restate the same arguments previously made without confronting the deficiencies identified in the PF&R.

As Magistrate Judge Eifert correctly noted, Taylor challenges the validity of his sentence and, therefore, in view of the nature of his claims, his application must be considered

2

to be a Motion to Vacate, Set Aside or Correct his sentence under § 2255. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) ("Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255."). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

"Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves `inadequate or ineffective to test the legality of a [prisoner's] detention.'" Hahn, 931 F.3d at 300 (quoting 28 U.S.C. § 2255(e)); see also In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves `inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). "In determining whether to grant habeas relief under the savings clause, [a court should] consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time; (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of

3

constitutional law." Hahn, 931 F.3d at 300-01 (citing In re Jones, 226 F.3d at 333-34).

The United States Court of Appeals for the Fourth Circuit has held that a person in federal custody may, under certain circumstances, use the savings clause under § 2255 to challenge his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (2018). In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

The plaintiff bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also

4

Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Magistrate Judge Eifert concluded that plaintiff could not challenge his sentence under § 2241 because he could not satisfy any of the prongs of the Wheeler test. See PF&R at 13-15. In particular, she noted that Fourth Circuit law does not allow Taylor to use the savings clause to challenge an alleged error in the calculation of his criminal history.

Under the fourth prong of the Wheeler test, a sentencing error must be sufficiently grave to be deemed a fundamental defect. As the PF&R noted, courts in the Fourth Circuit have concluded that errors in applying the advisory guidelines are not cognizable in habeas review. See PF&R at 13-14 and authorities cited therein; see also United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("sentencing a defendant pursuant to advisory

5

Guidelines based on a career offender status that is later invalidated" is not "a fundamental defect which inherently results in a complete miscarriage of justice"); Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020) ("We make clear, however, that Appellant's satisfaction of prong four is based on the increase in his mandatory minimum, not on his career offender designation. As we stated in United States v. Foote, a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.' . . . Here, Appellant was deemed a career offender under an advisory Guidelines scheme; thus, to the extent Appellant bases his Wheeler claim on his career offender designation, he does not satisfy prong four."); Majors v. Vereen, Case No. 2:19-cv-1229-JFA-MGB, 2019 WL 7195623, at *3 (D.S.C. May 10, 2019) ("Majors cannot satisfy Wheeler's fourth requirement for his claims involving the sentencing court's Guidelines calculations because those calculations were merely advisory. . . . A sentencing challenge based on an advisory application of the Guidelines does not satisfy the Fourth Wheeler element.").

  Nor does Taylor address the PF&R's conclusion that he does not meet the other Wheeler prongs. As the PF&R notes, Taylor fails to identify or refer to any new legal decision that has changed the legality of his sentence since the conclusion of

his motion under § 2255. This is fatal to his ability to proceed under § 2241. Cf. Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 571 (4th Cir. 2021) (noting that Jones and Wheeler "evince[] a focus on whether settled law at the time of the original criminal proceeding foreclosed the argument the prisoner later advances to challenge his conviction or sentence such that raising it earlier was or would have been futile.").
Taylor's inability to satisfy the Wheeler test is fatal to proceeding under § 2241. His argument to the contrary is without merit and, therefore, **OVERRULED**.

Finally, Taylor complains that the alleged errors in his Presentence Report have affected his ability to participate in certain BOP programs or obtain transfers. However, as the PF&R explained, those allegations do not allow him to proceed under § 2241. Such a claim would relate to the conditions of his confinement, and not the execution of his sentence. See PF&R at 11 n.1. And, when a prisoner "challenges his conditions of confinement, that is, his custody status, his claim lies under [civil rights laws], not § 2241." Blevins v. Diggs, 5:21-cv-00146-MR, 2021 WL 4998414, at *2 (W.D.N.C. Oct. 27, 2021).

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's

7

petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's request for dismissal, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 25th day of August, 2022.

ENTER:

David A. Faber
Senior United States District Judge